117 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard GAYER, Esq., and all others similarly situated,
Plaintiff-Appellant,
v.
STATE BAR OF CALIFORNIA; James E. Towery, President of
State Bar of California; Lisa Edwards,
Investigator, Defendants-Appellees.
 No. 96-15956.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 11, 1997.
Decided July 2, 1997.
 
 Before: REINHARDT, NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard Gayer appeals the district court's dismissal of his 42 U.S.C. § 1983 action against the State Bar of California, James Towery (president of the Bar at the time the action was filed), and Lisa Edwards (a Bar investigator).[1] We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 3
 Gayer styles this lawsuit as a class action, with Gayer being the class representative. A class representative must, in addition to being a member of the class he purports to represent, establish the existence of a case or controversy, i.e., have standing himself to sue. O'Shea v. Littleton, 414 U.S. 488, 494 (1974). "If the litigant fails to establish standing, he may not 'seek relief on behalf of himself or any other member of the class.' " Nelsen v. King County, 895 F.2d 1248, 1250 (9th Cir.1990) (quoting O'Shea, 414 U.S. at 494).
 
 
 4
 To establish the constitutional minimum required for standing, Gayer must demonstrate, among other things, that he has "suffered an 'injury in fact'--an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not conjectural or hypothetical.' " Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations and footnote omitted). As the Supreme Court has explained:
 
 
 5
 Abstract injury is not enough. The plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical.
 
 
 6
 City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983) (quotations omitted).
 
 
 7
 Gayer lacks standing to bring this class action. There is no dispute that the Bar concluded its investigation of Gayer on March 28, 1994. Whatever complaints Gayer had regarding the Bar's investigation ended with the investigation, and his allegation that he continues to suffer from the Bar's allegedly perpetual unconstitutional conduct is conjectural and hypothetical. "[P]ast exposure to harm is largely irrelevant when analyzing claims of standing for injunctive relief that are predicated upon threats of future harm." Nelsen, 895 F.2d at 1251. The mere fact that the Bar's investigation can theoretically be reopened at a later date does not make Gayer's allegations any less hypothetical. The district court properly dismissed Gayer's class action for lack of standing.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because Gayer does not include the State Bar of California as a party to this action, but apparently has listed the Bar as "a nominal defendant for clarity" (Appellants' Opening Brief at 2), we, like the district court, dismiss the Bar as a party for purposes of this appeal